No. 23-4513

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

DORIAN K. MYLES,

*Defendant-Appellant*.

On Appeal from the United States District Court
for the Northern District of West Virginia,
Case No. 1:23-cr-0021-TSK-MJA-1 (Chief District Judge Thomas S. Kleeh)

**REPLY BRIEF FOR APPELLANT DORIAN K. MYLES**

L. RICHARD WALKER
  *Counsel of Record*
ELIZABETH B. GROSS
FEDERAL PUBLIC DEFENDER
230 W. Pike Street
Suite 360
Clarksburg, WV 26302
(304) 622-3823
richard_walker@fd.org

JENNESA CALVO-FRIEDMAN
TRISHA TRIGILIO
ANDREA WOODS
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street, 18th Floor
New York, NY 10004
jcalvo-friedman@aclu.org

JUDITH P. MILLER
ALISON M. SIEGLER
FEDERAL CRIMINAL JUSTICE CLINIC
UNIVERSITY OF CHICAGO LAW SCHOOL
6020 S. University Ave.
Chicago, IL 60615
773-834-1598
jpmiller@uchicago.edu

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. iii

INTRODUCTION .....................................................................................................1

ARGUMENT .............................................................................................................2

I. THE PRESUMPTION DISAPPEARS FROM THE DETENTION CALCULUS ONCE THE DEFENSE PRODUCES EVIDENCE CONTESTING DETENTION. ...................................................................2

II. REGARDLESS OF THE STANDARD OF REVIEW, MR. MYLES MUST BE RELEASED. ..............................................................................3

   A. Mr. Myles Must Be Released Under the Proper Non-Deferential Standard of Review. ...........................................................4

   B. Even Under the Improper Deferential Standard of Review That the Government Advances, Mr. Myles Still Must Be Released. ...................................................................................................7

CONCLUSION ..........................................................................................................9

## TABLE OF AUTHORITIES

**Cases**

*Consol. Coal Co. v. Local 1643, UMWA*, 48 F.3d 125 (4th Cir. 1995) .................... 5

*In re Stanley*, 66 F.3d 664 (4th Cir. 1995) ................................................................ 5

*Inwood Lab'ys, Inc. v. Ives Lab'ys, Inc.*, 456 U.S. 844 (1982) ................................ 5

*Miller v. Mercy Hosp., Inc.*, 720 F.2d 356 (4th Cir. 1983) ....................................... 8

*Stokes v. Stirling*, 64 F.4th 131 (4th Cir. 2023) ........................................................ 3

*United States v. Abuhamra*, 389 F.3d 309 (2nd Cir. 2004) ...................................... 3

*United States v. Chatmon*, 718 F.3d 369 (4th Cir. 2013) ..................................... 8, 9

*United States v. Goforth*, 546 F.3d 712 (4th Cir. 2008) ........................................... 3

*United States v. Jessup*, 757 F.2d 378 (1st Cir. 1985) .............................................. 2

*United States v. Lewis*, No. 23-2137, 2023 WL 4351244 (7th Cir. July 5, 2023) ..... 8

*United States v. Simms*, 128 F. App'x 314 (4th Cir. 2005) .................................. 4, 5

*United States v. Stewart*, 19 Fed. App'x 46 (4th Cir. 2001) .................................... 8

**Statutes**

18 U.S.C. § 3142(e) ................................................................................................... 7

18 U.S.C. § 3142(e)(1) .............................................................................................. 7

18 U.S.C. § 3142(e)(3) .............................................................................................. 2

18 U.S.C. § 3142(g) ................................................................................................... 7

**Other Authorities**

Mem. Resp. Br. of the United States, *United States v. Gray*, 22-4060
  (4th Cir. Feb. 14, 2022), ECF No. 12 ................................................................... 5

## INTRODUCTION

The district court erred in detaining Dorian Myles, and the government's brief does not convincingly argue in favor of detention. This case raises two legal issues. First, the way the district court interpreted the legal standard for the Bail Reform Act's rebuttable presumption of detention violated both the text of the statute and due process. The Court reviews this first issue *de novo*. Second, by applying the wrong legal standard to Mr. Myles, the lower court reached the wrong conclusion and erroneously detained him. The Court also reviews this second issue without deference to the district court. Regardless of the standard of review this Court applies, the district court erred for the reasons set out in Mr. Myles's opening brief and below.

Mr. Myles should be released immediately. He is a young, African-American man who has never been involved in a similar criminal case and has prior convictions for a few misdemeanors only. This is a non-violent drug case and Mr. Myles is not alleged to have possessed a firearm. He is not charged with a mandatory minimum offense. Mr. Myles has a job and stable residence waiting for him, and a very supportive family who appeared at his detention hearings. Two different judges determined that he should be released, and he was successful on pretrial release in connection with a related state case *for five months* without any

violations. Mr. Myles fully complied with the terms of his release until he was indicted and arrested at home, exactly where *he told the court he would be.*

## ARGUMENT

**I.     The Presumption Disappears from the Detention Calculus Once the Defense Produces Evidence Contesting Detention.**

The government does not contest the substance of Mr. Myles's legal argument that the district court's interpretation of the Bail Reform Act's (BRA) rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) (the presumption) is inconsistent with the plain language of the statute and due process. Br. 12-48.[1]

More specifically, the government does not contest the legal point that the presumption plays no role in a case after the defense rebuts it by producing evidence supporting release (i.e., it is a "bursting bubble"). Br. 12-23. The government does not argue that this Circuit should join the courts of appeals that have interpreted the presumption as a "non-bursting bubble," by relying on *United States v. Jessup*, 757 F.2d 378 (1st Cir. 1985). *See* Br.18-22; 46-48. For good reason, as such an argument would be unsupportable considering that *Jessup*'s interpretation is inconsistent with the statutory text. *See* Br. 18-22. The government also does not disagree with Mr. Myles's constitutional argument nor defend the

---

[1] Br. refers to the Memorandum Brief for Appellant Dorian K. Myles and Resp. refers to the United States' Response to Defendant's Appeal of Detention Order.

- 2 -

district court's erroneous conclusion that Mr. Myles failed to rebut the presumption. *See* Br. 23-48, 50-57.

Standing alone, the government's decision not to contest any of these legal issues is a sufficient basis for this Court to decide them in Mr. Myles's favor. *See Stokes v. Stirling*, 64 F.4th 131, 133, 137 (4th Cir. 2023) (holding that the "State forfeited [an] argument" as appellee "by choosing not to raise it"). The government's decision to remain silent on the proper interpretation of the presumption likewise demonstrates that the government has little interest in assigning weight to the presumption after the defense produces evidence supporting release. *See* Br. 42-44.

These pure questions of law are reviewed *de novo*. *United States v. Goforth*, 546 F.3d 712, 714 (4th Cir. 2008); *United States v. Abuhamra*, 389 F.3d 309, 317 (2nd Cir. 2004) ("[W]hen, as in this case, a defendant submits that he was denied procedural due process in connection with his detention order, we review that legal question *de novo*.") (cited in Resp. 6). And, under *de novo* review, the presumption must be interpreted as a bursting bubble or be struck down as unconstitutional, for the reasons set out in Mr. Myles's opening brief.

**II.     Regardless of the Standard of Review, Mr. Myles Must Be Released.**

On the issue of whether the lower court erred in detaining Mr. Myles, the government contends that a deferential clearly erroneous standard of review

- 3 -

applies, Resp. 6, 8, and that the district court's decision to detain Mr. Myles "is overwhelmingly supported by the record," Resp. 9. The government is wrong on both points. First, this Court does not defer to a district court's findings when the lower court applied the wrong legal standard for detention, as occurred here. Reviewing the record without deference, under the correct legal standard for detention, Mr. Myles must be released. Br. 50-57. Second, even if this Court were to apply a more deferential standard of review, the district court still clearly erred in finding that the government met its burden to detain Mr. Myles.

> **A. Mr. Myles Must Be Released Under the Proper Non-Deferential Standard of Review.**

This Court reviews without deference when, as in this case, a district court applies the incorrect legal standard to detain someone. Applying both the correct non-deferential standard of review and the correct legal standard for detention, Mr. Myles must be released.

As this Court held in *United States v. Simms*, 128 F. App'x 314 (4th Cir. 2005) (unpublished), when the court below uses "an incorrect legal standard" in detaining a defendant pretrial, this Court conducts its "own review of the facts as found by the district court." *Id.* at 315. The government itself has acknowledged to this Court that "if the district court applied the wrong legal standard, the usual deference is not afforded to the district court and this Court may review its detention determination *de novo*." Mem. Resp. Br. of the United States at 3, *United*

- 4 -

*States v. Gray*, 22-4060 (4th Cir. Feb. 14, 2022), ECF No. 12 (citing *Simms*, 128 F. App'x at 315). Other cases clarify that "the 'clearly erroneous' standard [of review] does not insulate findings 'made on the basis of the application of incorrect legal standards.'" *In re Stanley*, 66 F.3d 664, 667 (4th Cir. 1995) (quoting *Consol. Coal Co. v. Local 1643, UMWA*, 48 F.3d 125, 128 (4th Cir. 1995)); *see also Inwood Lab'ys, Inc. v. Ives Lab'ys, Inc.*, 456 U.S. 844, 855 n.15 (1982) ("[I]f the trial court bases its findings upon a mistaken impression of applicable legal principles, the reviewing court is not bound by the clearly erroneous standard."). *Contra* Resp. 6 (arguing that a deferential standard of review applies).[2]

    Here, the district court applied the incorrect legal standard—a non-bursting bubble presumption—by considering the presumption after Mr. Myles produced evidence supporting release. *See* Br. 48-50. Because the district court applied the

---

[2] To the degree that there may be some ambiguity in this Circuit about whether the standard of review should be labeled "*de novo*" or "clear error review without deference," the label does not matter because the result is the same. This Court does not defer to the district court's findings and conclusion when the court below applied the wrong legal standard. *See, e.g.*, *Simms,* 128 F. App'x at 315 (recognizing that this Court "do[es] not afford the usual deference to the district court conclusion that releasing [the defendant] would pose a threat to the community" when the court below uses "an incorrect legal standard"); *In re Stanley*, 66 F.3d at 668 (explaining that the "deferential standard of review ordinarily accorded . . . findings" of the court "does not apply" where the findings are "premised on the application of an incorrect legal standard").

- 5 -

wrong legal standard in reaching the ultimate question of whether Mr. Myles should be detained, this Court does not defer to the district court's findings.

The government ignores the district court's use of the wrong legal standard but still asks this Court to defer to the district court's conclusions. *See generally* Resp. 7-9. That cannot be right. The presumption was inextricably a basis for the lower court's detention findings. One of the three reasons the district court's written order cited to support its conclusion that Mr. Myles should be detained was the "presumption in favor of detention." App.148.[3] By resting its detention order even in part on the presumption, the lower court applied the wrong legal standard to Mr. Myles's case. Under a correct application of the legal standard, the court should not have considered the presumption at all. Mr. Myles rebutted the presumption by producing evidence supporting his release, and a rebutted presumption disappears and may not be considered in the ultimate detention calculus. The government's suggestion must therefore be rejected, and this Court does not defer to the court below.

---

[3] The court's own words likewise confirm that the presumption was the lens through which it approached the facts. *See* App.85 (opening detention hearing by characterizing this "rebuttable presumption case" as a "burden-shifting quagmire"); App.142 (opening detention analysis with "[t]his . . . is a rebuttable presumption case").

- 6 -

Applying the proper legal standard for detention, without deference to the lower court's findings, this Court should conclude that the government did not carry its burden of proof to detain Mr. Myles. Specifically, there are conditions of release that "reasonably assure" Mr. Myles's appearance in court and the safety of the community, 18 U.S.C. § 3142(e)(1), as demonstrated by: Mr. Myles's five months of success on state pretrial release, his tight family and community ties and concrete employment plan, his minimal criminal history that includes no felony convictions,[4] and no history of violence, and the non-mandatory minimum nature of the charges. *See* Br. 49-57 (citing 18 U.S.C. §§ 3142(e), (g)). Accordingly, this Court should order Mr. Myles released on bond.

>        **B.     Even Under the Improper Deferential Standard of Review That the Government Advances, Mr. Myles Still Must Be Released.**

The deferential review the government calls for applies only to cases where there was no legal error, unlike this case. Under that improper deferential standard, the question is "whether the evidence as a whole supports the conclusions of the proceedings below. The standard of review for pretrial detention orders . . . is one

---

[4] The government errs in stating that Myles has a felony conviction on his bond report. *See* Br. 9; *compare* Resp. 4 (citing testimony of Myles's mother at App.126) *with* App.104-106 (AUSA reading parts of bond report into the record), *and* App.107-116 (testimony of U.S. Pretrial Services Officer); *see also* App.60 (Eastern District of Michigan magistrate judge: "all of [Myles's] convictions up to this point have been for misdemeanors."). In any event, the district court did not make or rely on such a finding.

- 7 -

of independent review, with deference to the determination of the district court." *United States v. Stewart*, 19 Fed. App'x 46, 48 (4th Cir. 2001) (internal quotation and citations omitted) (quoted in part in Resp. 6). Even if the Court uses the government's deferential standard of review, reversal is necessary given the abundant evidence that Mr. Myles can successfully and safely be released on conditions.

The district court erred by wholly omitting any consideration of the most probative evidence: Mr. Myles's five months of successful release on the same underlying conduct as in this case, Br. 51-52. *See United States v. Chatmon*, 718 F.3d 369, 375 (4th Cir. 2013) ("[A] district court commits clear error if it . . . makes factual findings 'without properly taking into account substantial evidence to the contrary.'" (quoting *Miller v. Mercy Hosp., Inc.*, 720 F.2d 356, 361 (4th Cir. 1983)). Instead, the court focused exclusively on facts that *predated* Mr. Myles's successful release. App.142-144. That gets the inquiry backwards. The predictive value of Mr. Myles's track record of *actual* success on release outweighs any predictive value offered by the pre-release facts on which the court focused. *Cf. United States v. Lewis*, No. 23-2137, 2023 WL 4351244, *1 (7th Cir. July 5, 2023) (vacating detention order) ("[T]he pretrial detention decision must be based on an assessment of the risk [] pose[d] to the community in the future, not simply the

riskiness of [the] alleged offense."). It was error to ignore evidence of Mr. Myles' compliance on bond.

The district court likewise erred by not "properly taking into account" evidence that mitigates the facts on which it did rely. *Chatmon*, 718 F.3d at 375, 376. The pre-release facts the court cited are eminently overshadowed by the staleness of Mr. Myles's failures to appear, the fact that his criminal history consists exclusively of misdemeanors, and the non-mandatory nature of the charged conduct, App.142-144—especially given Mr. Myles's strong family and community ties and his support system, App.142. *See* Br. 51-57.

In short, even if this Court uses the government's deferential standard of review, the district court still erred, and Mr. Myles should be released on bond.

## CONCLUSION

For the reasons stated in Mr. Myles's opening brief and above, Mr. Myles respectfully requests that this Court reverse the detention order and remand with instructions to release Mr. Myles immediately, with appropriate conditions.

September 5, 2023                                   Respectfully submitted,

                                                /s/ L. Richard Walker
                                                *Counsel of Record*
                                                L. RICHARD WALKER
                                                ELIZABETH GROSS
                                                FEDERAL PUBLIC DEFENDER
                                                230 W. Pike Street
                                                Suite 360
                                                Clarksburg, WV 26302

(304) 622-3823
richard_walker@fd.org

JENNESA CALVO-FRIEDMAN
TRISHA TRIGILIO
ANDREA WOODS
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street, 18th Floor
New York, NY 10004
Jcalvo-friedman@aclu.org

JUDITH P. MILLER
ALISON M. SIEGLER
FEDERAL CRIMINAL JUSTICE CLINIC
UNIVERSITY OF CHICAGO LAW SCHOOL
6020 S. University Ave.
Chicago, IL 60615
773-834-1598
jpmiller@uchicago.edu

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because—according to the word-count feature of the word-processing program with which it was prepared (Microsoft Word)—the brief contains 2,147 words, excluding the portions exempted by Rule 32(f). This brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in 14-point Times New Roman font.

/s/ L. Richard Walker
L. RICHARD WALKER

*Counsel of Record*

## CERTIFICATE OF SERVICE

I electronically filed the foregoing on September 5, 2023, using the Court's appellate CM/ECF system, which effected service on all counsel of record.

/s/ L. Richard Walker
L. RICHARD WALKER

*Counsel of Record*